United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40887
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RUBEN HERNANDEZ-RODARTE,
also known as Sevastian Castillo,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-5-PNB-ALL
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

    Ruben Hernandez-Rodarte appeals his jury convictions for
reentry of a deported alien after a prior aggravated felony
conviction in violation of 8 U.S.C. § 1326(a) & (b), making a
false claim to United States citizenship, and making a false
statement in violation of 18 U.S.C. §§ 911 & 1001.  He argues
that the Government did not present sufficient evidence to
establish that his identity is Ruben Hernandez-Rodarte.
Specifically, Hernandez-Rodarte asserts that the testimony of the

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's expert, Terry Kimbell, did not meet the standards set in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Because he did not raise this issue in the district court, review is limited to plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002).

The Government presented evidence to show that Kimbell was an expert in the area of fingerprint analysis and that his testimony was reliable and relevant to the issue of the defendant's true identity. Therefore, the objective of Daubert "to ensure the reliability and relevance of the expert testimony" was met in this case. See United States v. Norris, 217 F.3d 262, 269 (5th Cir. 2000). Hernandez-Rodarte has not shown that the district court's admission of Kimbell's testimony constituted plain error.

Because Hernandez-Rodarte did not move for a judgment of acquittal, review of his challenge to the sufficiency of the evidence is limited to determining whether there was a "manifest miscarriage of justice." United States v. Green, 293 F.3d 886, 895 (5th Cir. 2002). To find a miscarriage of justice, the court must find that the record is "devoid of evidence of guilt or the evidence must be so tenuous that a conviction is shocking." United States v. Avants, 367 F.3d 433, 449 (5th Cir. 2004). The Government presented evidence that the defendant's identity was Hernandez-Rodarte, that he unlawfully purchased a forged, counterfeit birth certificate in the name of Sevastian Castillo,

that the defendant's fingerprints matched those of Hernandez-Rodarte, and that Hernandez-Rodarte was a Mexican citizen who had previously been deported.  Hernandez-Rodarte has not shown that the record is "devoid of evidence of guilt" or "so tenuous that a conviction is shocking."  See Avants, 367 F.3d at 449.

AFFIRMED.